UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RIGOBERTO CASTRO, also known as   )<br> JOSE BARRAGAN,                                      )<br>                              Movant,            )<br>                                                          )<br>      vs.                                                  )<br>                                                          )<br> UNITED STATES OF AMERICA.          ) | 1:09-cv-419-LJM-MJD |

**Entry Discussing Motion for Relief Pursuant to 28
U.S.C. ' 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Rigoberto Castro ("Castro") for relief pursuant to 28 U.S.C. ' 2255 must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I. The ' 2255 Motion**

**A. Background**

Castro faced three charges in an Indictment returned in No. IP 06-CR-92. In Count 1 of the indictment, Castro was charged with conspiracy to possess with intent to distribute and/or distribution of 500 grams or more of a mixture or substance containing cocaine. In count 2 of the indictment, Castro was charged with possession with intent to distribute a substance containing cocaine, a violation of 21 U.S.C. § 841(a)(1). Count 3 charged Castro with being unlawfully in the United States after previously having been deported.

Castro filed a petition to enter a plea of guilty as to the immigration charge. The court determined Castro entered the plea knowingly and voluntarily and that an independent basis in fact was established to support the plea. The guilty plea as to Count 3 was accepted.

Castro went to trial on Counts 1 and 2 and was found guilty as charged as to Count 2, but the jury was unable to reach a verdict as to Count 1, the conspiracy count. Count 1 was subsequently dismissed. Castro was sentenced to an aggregate executed term of imprisonment of 165 months. Castro's sentence was affirmed on appeal in *United States v. Castro*, 277 Fed.Appx. 603 (7th Cir. May 12, 2008)(unpublished).

### B. Discussion

Castro now seeks relief pursuant to 28 U.S.C. § 2255, which is limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

Separate from his ineffective assistance of counsel claim examined forth below, Castro claims that his rights were violated under the First, Second, Fourth, Sixth and Eighth Amendments. These claims were not raised in Castro's direct appeal and in the circumstances presented here are not available for review. *Prewitt v. U.S.,* 83 F.3d 812, 816 (7th Cir. 1996)(AAn issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.@)(emphasis in original). Apart from the question of procedural default, the court=s view is that Castro received all that the Constitution requires. *Gall v. Parker,* 231 F.3d 265, 277-78 (6th Cir. 2000)("For a trial to be constitutionally sound requires . . . a trial where the prosecutor must prove all elements of a crime beyond a reasonable doubt in order to convict; where the prosecutor adheres to certain rules of conduct that guarantee a fair trial and a proper consideration of the defendant=s theories and supporting evidence; where the jurors consider only evidence adduced by the parties and that a defendant has had an opportunity to rebut; and where a defendant enjoys the right to cross-examine adverse witnesses.").

This leaves for consideration Castro's claim that he was denied the effective assistance of counsel. Castro presents three specifications, viz., (1) during the sentencing proceedings, (2) during the plea process, and (3) due to multiple errors during his representation of Castro.

"To establish ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (*citing Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

The Supreme Court has recently "declined to articulate specific guidelines for appropriate attorney conduct and instead [ ] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (*quoting Strickland*, 466 U.S. at 688). To establish prejudice, Castro must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The likelihood of a different result must be substantial, not just conceivable. *Id.* at 693.

Castro's specifications of ineffective assistance of counsel are unpersuasive here.

- Castro claims that but for his counsel's alleged ineffectiveness at his sentencing hearing, he would not have received an enhancement. On direct appeal, Castro argued that the court erred in assessing the enhancement. The Seventh Circuit considered and rejected this argument. *U.S. v. Castro*, 277 Fed.Appx. 603, 606-07 (7th Cir. 2008)("In this case, the district court did not commit clear error in assessing Castro a four-level enhancement under U.S.S.G. § 3B1.1(a). . . . [T]he evidence was more than sufficient to support the district court's conclusion that Castro controlled Loredo. . . first by recruiting her into the organization and then by directing her to take drugs to different locations and to return with the money paid for those drugs. Castro also directed Loredo to make wire transfers of money, which Loredo testified were to pay for future drug shipments. Additionally, the evidence established that the criminal enterprise involved five or more participants, namely Castro, Loredo, Martinez, Marco, Castro's nephew, the 16-year-old juvenile, and another unidentified man."). In doing so, the Court of Appeals has also explained why Castro could not satisfy the prejudice element of a *Strickland* analysis.

- Castro claims that his sentence would have been lessened by pleading guilty to all three counts or alternatively, that his counsel was ineffective for not negotiating a plea agreement. The resolution of the three charges against Castro has been identified. This was a resolution favorable to Castro under all the circumstances. Castro has not shown that there is a reasonable probability that, but for counsel's failure to negotiate a plea agreement as to all three counts, he would have pled guilty to all three counts and fared better than he did by entering a guilty plea as to the immigration charge and going to trial on the other two charges, particularly when the drug conspiracy charge was dismissed following the jury deadlock.

> This asserted deficiency also suffers from a more systemic error, moreover, which is Castro's complete failure to give account for what counsel's representation accomplished. Although argued through various specifications here, "ineffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed." *Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005); *see also Balfour v. Haws*, 892 F.2d 556, 562-63 (7th Cir. 1989) (noting that for specific allegations of ineffective assistance courts must "weigh the overall quality of representation provided to the defendant" and not individual shortcomings). This point was made in *Payne v. Brown*, 662 F.3d 825, 829 (7th Cir. 2011)(citing *Williams v. Lemmon,* 557 F.3d 534, 538 (7th Cir. 2009)("It is essential to evaluate the entire course of the defense, because the question is not whether the lawyer's work was error-free, or the best possible approach, or even an average one.")). It may be added that there is in this case no single error "'sufficiently egregious and prejudicial'" to support a claim of the denial of the effective assistance of counsel. *Williams,* 557 F.3d at 538 (quoting *Murray v. Carrier,* 477 U.S. 478, 496 (1986)).

- Castro claims that he was denied a fair trial as a result of the cumulative effect of trial counsel's errors and that counsel should have challenged the purity of the drugs. To demonstrate cumulative error, Castro must establish that "(1) at least two errors were committed in the course of the trial; (2) considered together along with the entire record, the multiple errors so infected the jury's deliberation that they denied the petitioner a fundamentally fair trial." *Alvarez v. Boyd,* 225 F.3d 820, 824 (7th Cir. 2000), *cert. denied,* 531 U.S. 1192 (2001). Here, Castro's claims of ineffective assistance of counsel are refuted by the record. Once again, trial counsels' performance at trial achieved the dismissal of one of the two drug charges. In addition, as to Castro's claim regarding counsel's failure to challenge the purity of the drugs, Castro admits his guilt as to all three charges and claims his counsel should have entered into a plea agreement allowing him to plead guilty to all charges. As recently explained by the Seventh Circuit: "Since [Castro] has not demonstrated *any* prejudice under his ineffective assistance claims, his claim for *overall* prejudice fails." *Morgan v. Hardy*, 662 F.3d 790, (7th Cir. 2011)(citing *Alvarez*).

It has been observed in the past that criminal defendants frequently "demonize" their lawyers. "If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds." *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002). The same is inescapably true as to Castro's arguments that he was denied the effective assistance of counsel. There is no entitlement to relief as to this claim, based on either the performance prong or the equally important requirement that he suffered prejudice.

"The test for ineffectiveness is not whether counsel could have done more; perfection is not required. Nor is the test whether the best criminal defense attorneys might have done more. Instead the test is . . . whether what [counsel] did was within the 'wide range of reasonable professional assistance.'" *Waters v. Thomas*, 46 F.3d 1506, 1518 (11th Cir. 1995) (en banc) (quoting *Strickland*, 466 U.S. at 689). It was explained in *Holman v. Gilmore*, 126 F.3d 876, 882 (7th Cir. 1997), that:

> the question posed by *Strickland* [is] whether, taking all of the proceedings into account, counsel made "the adversarial testing process work in the particular case." [*Strickland*,] 466 U.S. at 690, 104 S. Ct. at 2066. Counsel must contest the prosecution's case and advance a good defense; if that role has been fulfilled, a writ of habeas corpus should not issue. *See Burris v. Parke*, 116 F.3d 256 (7th Cir. 1997).

Castro's attorney fulfilled this role both at trial and at sentencing.

### C. Conclusion

Castro's request for an evidentiary hearing and motion for appointment of counsel have also been considered. Counsel would in fact be appointed if the court found the need to conduct an evidentiary hearing in this case. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987). However, such a proceeding is only necessary when a more extensive factual record must be compiled to decide an issue. *See Newell v. Hanks*, 283 F.3d 827, 838 (7th Cir. 2002). That is not the case here. Accordingly, Castro's request for an evidentiary hearing and motion for appointment of counsel are **denied.**

Castro seeks discovery in his motion for relief pursuant to § 2255. Unlike other civil proceedings, motions attacking a sentence under 28 U.S.C. § 2255 do not entitle a movant to discovery as a matter of course. Rather, under Rule 6(a) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*, "the court may authorize discovery for 'good cause.'" *Jones v. U.S.,* 231 Fed.Appx. 485 (7th Cir. 2007) (citing *Hubanks v. Frank*, 392 F.3d. 926, 933 (7th Cir. 2004). Castro's request for discovery does not support the use of that mechanism in this case, and accordingly, his request for discovery is **denied.**

For the reasons explained above, Castro is not entitled to relief in this action. He has failed to demonstrate a constitutional violation warranting collateral relief. Accordingly, his motion for relief pursuant to § 2255 is **denied**, and this action must be dismissed with prejudice.  Castro's motion for a ruling [20] is **granted**.  Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to *Federal Rule of Appellate Procedure* 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Castro has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED**.

Date:  _07/24/2012_

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

gerald.coraz@usdoj.gov

Rigoberto Castro
No. 08224-028
Federal Correctional Institution
3600 Guard Road
Lompoc, CA 93436